

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00034-CV

_____

IN THE INTEREST OF J.N. AND J.N., CHILDREN

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 81156

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

DeDe's[1] drug use, petty thefts, and incarcerations eventually resulted in the termination of her parental rights to her five children. In this case, she appeals the trial court's order terminating her parental rights to her children J.E.N. and J.H.N. This case was tried with a companion case, which is the subject of another appeal pending before this Court.[2] DeDe filed identical briefs in the two appeals in which she contends that the evidence is legally and factually insufficient to support the trial court's findings that she (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical and emotional well-being of the children, and (3) failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the children who had been in the temporary managing conservatorship of the Department of Family and Protective Services (the Department) for not less than nine months as a result of the children's removal from the parent under Chapter 262 of the Texas Family Code for the abuse or neglect of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (West Supp. 2015). DeDe also contends that the evidence is legally and factually insufficient to support

---

[1]We refer to the children by their initials and to the parents by fictitious names to protect the privacy of the children. *See* TEX. FAM. CODE ANN. § 109.002(D) (West 2014).

[2]Although tried together, DeDe's rights to her other three children, J.F., J.L., and J.N., were also terminated under a separate cause. Her appeal from that termination order is the subject of a separate opinion, issued this same date, under cause number 06-15-00033-CV. Since these matters were tried together and the evidence presented at trial was relevant to both matters, we fully set forth the evidence in the companion opinion.

the trial court's findings that termination was in the best interests of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2015).

The arguments raised in this appeal are based exclusively on the arguments brought before this Court in the companion appeal styled *In the Interest of J.F., J.L., and J.N., Children*, cause number 06-15-00033-CV. In our opinion of this date disposing of that appeal, we found (1) that the evidence was legally and factually sufficient to support the trial court's finding under Section 161.001(b)(1)(E) and (2) that the evidence was legally and factually sufficient to support the trial court's finding that termination was in the best interests of the children who are the subjects of that appeal. For the reasons set out in that opinion, we find in this appeal that (1) the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(b)(1)(E) and (2) the evidence is legally and factually sufficient to support the trial court's finding that termination is in the best interests of J.E.N. and J.H.N. We overrule DeDe's points of error in this appeal.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     September 30, 2015
Date Decided:       November 19, 2015

3